**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. WILLIAM P. GRESS and AL AND PO CORPORATION, on behalf of plaintiffs and the class members defined herein, ) ) ) | |
| ) | 14 C 501 |
| Plaintiffs, ) | ***Consolidated with*** |
| ) | 14 C 2177 |
| v. ) | |
| ) | Magistrate Judge Gilbert |
| PREMIER HEALTHCARE EXCHANGE WEST, INC., doing business as PHX, ) ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

<u>Submitted by:</u>

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260
<u>www.siprut.com</u>

*Counsel for Plaintiff AL and PO
Corporation and the Settlement Class*

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

*Counsel for Plaintiff Dr. William P. Gress
and the Settlement Class*

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................1

II.     PROCEDURAL HISTORY ..................................................................................2

III.    THE PROPOSED SETTLEMENT .......................................................................5

        A.  Certification Of the Proposed Class............................................................5

        B.  Class Relief ................................................................................................6

        C.  Class Notice ...............................................................................................6

        D.  Service Awards to Class Representatives ....................................................7

        E.  Attorneys' Fees and Expenses ....................................................................7

IV.     THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY
        APPROVED ........................................................................................................8

        A.  The Proposed Settlement Satisfies the Fairness Criteria ...................................8
            1.  Strength of the Case ............................................................................8
            2.  Risk, Expense, & Complexity of Case ...................................................10
            3.  The Opinion of Counsel .....................................................................10
            4.  Extent of Discovery............................................................................11
            5.  Presence of Governmental Participants..................................................12

V.      THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE
        FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE
        APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE
        SETTLEMENT SHOULD BE SCHEDULED ........................................................12

        A.  The Class Should be Provisionally Certified ................................................12
            1.  Numerosity – F.R.C.P. 23(a) ................................................................13
            2.  Commonality/Predominance – F.R.C.P. 23(a)(2) and 23(b)(3) ..............14
            3.  Typicality – F.R.C.P. 23(a)(3) .............................................................16
            4.  Adequacy of Representation – F.R.C.P. 23(a)(4).....................................16
            5.  Superiority – F.R.C.P. 23(b)(3) ............................................................17

        B.  The Form and Method of Service of Class Notice Should Be Approved........18

        C.  The Court Should Schedule A Hearing For Final Settlement Approval .........20

VI.     CONCLUSION....................................................................................................20

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)..................................................................................................12, 18

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)..................................................................................................18, 19

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 (2011)....................................................................................................14

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Armstrong v. Board of Sch. Dirs. of City of Milwaukee,*
616 F.2d 305 (7th Cir. 1980) ...........................................................................................8

*Butler v. Sears, Roebuck & Co.,*
2012 WL 5476831 (7th Cir. Nov. 13, 2012) ................................................................15

*Carnegie v. Household International, Inc.,*
376 F.3d 656 (7th Cir. 2004) .........................................................................................17

*Donovan v. Estate of Fitzsimmons,*
778 F.2d 298 (7th Cir. 1985) ...........................................................................................9

*In re Corrugated Container Antitrust Litigation,*
643 F.2d 195 (5th Cir. 2010) .........................................................................................11

*Ira Holtzman, C.P.A. v. Turza,*
728 F.3d 682, 684 (7th Cir. 2013) .................................................................................14

*Isby v. Bayh,*
75 F.3d 1191 (7th Cir. 1996) ...........................................................................................8

*Patterson v. Gen. Motors Corp.,*
631 F.2d 476 (7th Cir. 1980) .........................................................................................14

*Rosario v. Livaditis,*
963 F.2d 1013 (7th Cir. 1992) .......................................................................................14

*Synfuel Techs, Inc. v. DHL Express (USA), Inc.,*
463 F.3d 646 (7th Cir. 2006) .......................................................................................8, 9

*Szabo v. Bridgeport Machines, Inc.,*
249 F.3d 672 (7th Cir. 2001) .........................................................................................13

*Williams v. Chartwell Fin. Serv., Ltd.,*
204 F.3d 748 (7th Cir. 2000) .........................................................................................12

*Wong v. Accretive Health, Inc.*,
2014 WL 6888166 (7th Cir. Dec. 9, 2014) ....................................................................9

**UNITED STATES DISTRICT COURT CASES**

*A & L Indus., Inc. v. P. Cipollini, Inc.*,
2014 WL 906180 (D.N.J. Mar. 7, 2014) .....................................................................20

*Able Home Health, LLC v. Healthy Advice Commc'ns., Inc.*,
12-cv-3019 (N.D. Ill.) ................................................................................................20

*Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Med.-Surgical Supply Co.*,
12-cv-5608 (N.D. Ill.) ................................................................................................19

*C.E. Design, Ltd. v. King Supply Co., LLC*,
2012 WL 2976909 (N.D. Ill. July 20, 2012) ...............................................................19

*City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*,
2014 WL 413533 (D.N.J. Feb. 3, 2014) .....................................................................20

*Dr. William P. Gress v. Northwood, Inc.*,
12-cv-7278 (N.D. Ill.) ................................................................................................20

*Fletcher v. ZLB Behring LLC*,
245 F.R.D. 328 (N.D. Ill. 2006) .................................................................................15

*Gomez v. Ill. State Bd. of Educ.*,
117 F.R.D. 394 (N.D. Ill. 1987) .................................................................................17

*Hinman v. M and M Rental Ctr., Inc.*,
545 F. Supp. 2d 802 (N.D. Ill. 2008) .........................................................................16

*In re AT&T Mobility Wireless Data Services Sales Litig.*,
270 F.R.D. 330 (N.D. Ill. 2010) ...................................................................................9

*In re Neopharm, Inc. Securities Litigation*,
225 F.R.D. 563 (N.D. Ill. 2004) .................................................................................16

*Kessler v. Am. Resorts Int'l*,
2007 WL 4105204 (N.D. Ill. Nov. 14, 2007) ...............................................................8

*Maxwell v. Arrow Fin. Servs., LLC*,
2004 WL 719278 (N.D. Ill. March 31, 2004) .............................................................13

*Physician's Healthsource, Inc. v. MulitPlan Servs. Corp.*,
2013 WL 5299134 (D. Mass. Sept. 18, 2013) ..............................................................9

*Pope v. Harvard Banchares, Inc.*,
40 F.R.D. 383 (N.D. Ill. 2006) ...................................................................................13

*Radmanovich v. Combined Ins. Co. of Am.*,
216 F.R.D. 424 (N.D. Ill. 2003) .................................................................................16

*Richard Wade Architects, P.C. v. Eng'g. Servs. and Prods. Co.*,
11-cv-9251 (N.D. Ill.) .................................................................................20

*Scholes v. Stone, McGuire, & Benjamin*,
143 F.R.D. 181 (N.D. Ill. 1992)...................................................................14

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011) ...............................................8, 10, 11

*Smith v. Nike Retail Servs., Inc.*,
234 F.R.D. 648 (N.D. Ill. 2006).................................................................13

*Vandervort v. Balboa Capital Corp.*,
8 F. Supp. 3d 1200 (C.D. Cal. Mar. 27, 2014)...........................................20

*Whitten v. ARS Nat'l Servs. Inc.*,
2001 WL 1143238 (N.D. Ill. Sept. 27, 2001) ..............................................14

*Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc.*,
12-cv-780 (N.D. Ill.) ...................................................................................19

## STATUTES AND FEDERAL RULES

28 U.S.C. § 1715.................................................................................................12

47 U.S.C. § 227.............................................................................................1, 6

815 ILCS 505/2.....................................................................................................1

Fed. R. Civ. P. 23................................................................................ *passim*

## MISCELLANEOUS

MANUAL FOR COMPLEX LITIGATION
(4th ed. 2004) .................................................................................12, 20

Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS
(4th ed. 2001). .............................................................................13, 18

## **TABLE OF APPENDICES**

Settlement Agreement. ....................................................................................... Appendix A

Declaration of Daniel A. Edelman. ............................................................. Appendix B

Declaration of Joseph J. Siprut ...................................................................... Appendix C

Pursuant to Fed. R. Civ. P. 23, Plaintiffs Dr. William P. Gress ("Gress") and AL and PO Corporation ("AL and PO") (collectively, the "Plaintiffs"), by their counsel, respectfully submit the following Unopposed Motion for Preliminary Approval of Proposed Class Settlement, and move for an Order (1) preliminarily approving the Agreement[1] as being fair, reasonable, and adequate; (2) preliminarily approving the form, manner, and content of the Notice and Claim Form; (3) setting the date and time of the Fairness Hearing for no earlier than 90 days from the date preliminary approval is granted; (4) provisionally certifying the Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only ("Class"); (5) provisionally appointing Plaintiffs as representatives of the Class; and (6) provisionally appointing Edelman, Combs, Latturner & Goodwin, LLC and Siprut PC as Class Counsel.

## I.    INTRODUCTION

Plaintiffs and Defendant Premier Healthcare Exchange West, Inc. ("PHX West") and its parent corporation, Premier Healthcare Exchange, Inc. ("PHX Inc."), have entered into a Settlement Agreement (the "Settlement Agreement" or "Settlement") in the above-referenced matter.  (*See* Appendix A attached hereto.) The Settlement Agreement – a product of extensive negotiations, including a mediation presided over by this Court – settles and forever resolves the dispute relating to alleged unsolicited advertisements sent to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and common law (conversion, private nuisance, and trespass to chattels).

***The Settlement Fund is $756,075***. Under the terms of the Settlement Agreement, the notice and administrative expenses, attorneys' fees and costs, and incentive awards shall be paid

---

[1] Unless otherwise stated herein, capitalized terms shall have the same meaning as provided in the Settlement Agreement, attached hereto as Appendix A.

from the Settlement Fund. The remaining balance – the Net Settlement Fund – shall be distributed *pro rata* to the Settlement Class Members. For example, if the Net Settlement Fund is $500,000 and approximately 10% of Settlement Class Members (3,387) submit valid claim forms, each Settlement Class Member would be entitled to $147.62. Similarly, if 5% of Settlement Class Members submit valid claim forms, each Member would be entitled to a *pro rata* payment of $294.16. The Settlement Fund represents the limit and extent of PHX West's and PHX, Inc.'s monetary obligations under this Agreement.

Although both sides believe their respective positions in the action are meritorious, they have concluded that, due to the uncertainties and expense of protracted litigation, it is in the best interest of Plaintiffs, the putative settlement Class, PHX West and PHX Inc. to resolve this action on the terms provided in the attached Settlement Agreement.

## II.     PROCEDURAL HISTORY

A.     Plaintiffs second consolidated amended complaint was filed against PHX West on May 29, 2014. (Docket No. 39.) The case is currently pending before this Court. Plaintiffs' Third Consolidated Amended Complaint ("Complaint") alleges violations of the TCPA, the ICFA, and the common law (conversion, private nuisance, trespass to chattels) based on PHX West's sending or causing to be sent unsolicited advertisement facsimiles with deficient opt-out notices to the facsimile machines of Plaintiffs and others similarly situated. (*Id.*)

B.     Plaintiff Gress filed his original complaint against PHX, Inc. on January 23, 2014. That case was captioned *Dr. William P. Gress v. Premier Healthcare Exchange Corporation doing business as PHX and John Does 1-10*, assigned case number 14-cv-501 and to The Honorable Judge Der-Yeghiayan. (*See* 14-cv-501, at Docket No. 1.)

-2-

**C.**     Plaintiff AL and PO filed its original complaint on March 27, 2014. The case was captioned *AL and PO Corporation v. Premier Healthcare Exchange, Inc.*, assigned case number 14-cv-2177 and to The Honorable Judge Kendall. (*See* Case No. 14-cv-2177, Docket No. 1.)

**D.**     On April 16, 2014, Judge Der-Yeghiayan consolidated Plaintiffs' respective actions for all purposes. (*See* 14-cv-501, Docket No. 30.)

**E.**     On May 14, 2014, Plaintiffs filed their consolidated amended complaint against PHX West and several unknown defendants.[2]  Plaintiffs' allegations did not include violations of various common law claims. (*Id.*, Docket No. 31.)

**F.**     That same day, Plaintiffs also filed a motion for class certification and a motion for appointment of interim co-lead counsel. (*Id.*, Docket Nos. 32, 35.)

**G.**     At the hearing on May 28, 2014, Judge Der-Yeghiayan granted leave for Plaintiffs to file a second amended complaint and corresponding motion for class certification. (*Id.*, Docket No. 38.) Accordingly, Plaintiffs' pending motion for class certification was stricken as moot. (*Id.*) In addition, Judge Der-Yeghiayan granted Plaintiffs' motion for appointment of interim co-lead counsel. (*Id.*)

**H.**     On May 29, 2014, Plaintiffs filed the operative second consolidated amended complaint and corresponding motion for class certification. (Docket No. 39.)

**I.**     On June 12, 2014, the Parties jointly consented to proceed before Magistrate Judge Gilbert, and Plaintiffs dismissed the unknown Doe defendants. (Docket Nos. 43, 44.)

---

[2] Plaintiffs originally named PHX West's parent company, Premier Healthcare Exchange, Inc. However, after the Parties informally exchanged information, Plaintiffs concluded that PHX West was the correct name of the defendant.

**J.** During the July 17, 2014 status hearing, Judge Gilbert scheduled a settlement conference for September 19, 2014. (Docket No. 47.) The Court also set a discovery schedule in accordance with the proposed dates in the Parties' previously submitted status report. (*Id.*)

**K.** On July 23, 2014, the Parties filed a stipulation regarding the Plaintiffs' pending motion for class certification whereby they agreed that the motion may be dismissed without the Plaintiffs' claims being subjected to an involuntary resolution via a formal or informal offer of judgment. (Docket No. 51.)

**L.** On August 26, 2014, the Parties reported that additional discovery was necessary for a productive settlement conference. (Docket No. 54.) Accordingly, the Court struck the settlement conference set for September 29. (*Id.*)

**M.** On September 2, 2014, Plaintiffs issued a subpoena to Scrypt, Inc., the third party broadcaster of PHX West's faxes. (*See* Declaration of Joseph J. Siprut (the "Siprut Decl."), attached hereto as Appendix C, ¶15.)

**N.** Pursuant to a confidentiality order entered on September 18, 2014, the Parties and Scrypt, Inc. informally exchanged information between September and November for the purpose of exploring a resolution of the cases. (*See* Docket No. 53; Siprut Decl. ¶16.)

**O.** In October, 2014, the Parties held an informal settlement conference at Sheppard Mullin Richter & Hampton LLP, 70 West Madison Street, 48th Floor, Chicago, IL 60602. (*See* Siprut Decl. ¶17.) Over the course of several hours, the Parties exchanged positions on the merits of their claims and defenses and the framework of a potential settlement. (*Id.*)

**P.** At the November 3, 2014 status hearing, the Parties informed Judge Gilbert that they held a settlement conference amongst themselves, and requested the Court's assistance in resolving the case. (Docket No. 62.) The Court directed the Parties to exchange written

statements in accordance with the Court's standing orders. The Court set a settlement conference for November 24, 2014. (*Id.*)

Q.      The Parties exchanged their settlement position statements. (*See* Siprut Decl. ¶19.)

R.      On November 24, 2014, the Parties engaged in an extensive, several hours-long settlement conference. With the assistance of the Court, the Parties reached an agreement in principle subject to a few contingencies. The contingencies were clarified on the record on December 3, 2014, and thus, after nearly four months of settlement discussions, the Parties reached an agreement.   (*See generally id.* ¶20.)

S.      After reaching agreement on the material terms of the class-wide settlement structure, the Parties then spent additional time exchanging drafts of a final, written settlement agreement. After many exchanges of drafts and edits, the Parties were finally able to agree to the form and content of a settlement agreement that has now been fully executed and attached hereto. (*Id.* ¶21.)

T.      On January 6, 2015, the Parties entered into a stipulation for the filing of Plaintiffs' operative Complaint. (Docket No. 69.) Plaintiffs filed the Complaint on January 8, after the Court granted the Parties' stipulation. (Docket Nos. 70-71.)

## III.    THE PROPOSED SETTLEMENT

The proposed Settlement provides the following:

### A. Certification of the Proposed Class

The Plaintiffs request that the Court, for the purposes of settlement only, certify a Class defined as:

> All persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or PHX Inc. between January 23, 2010  to March 27, 2014, promoting the

commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of the healthcare provider networks to which PHX West had access during the Class Period.

### B. Class Relief

The Settlement establishes the following relief:

- **Payments Available to All Settlement Class Members.** Within sixty (60) days of the date that Notice is sent by fax, Settlement Class Members must submit a claim form to the Settlement Class Administrator by fax, mail, or online. Each Settlement Class Member who submits a timely and valid claim form shall be entitled to a check for cash payment equal to a *pro rata* share of the Net Settlement Fund, less incentive awards paid to Plaintiffs.

- **Undistributed Settlement Funds.** Within thirty (30) days following the last void date of the checks issued to Settlement Class Members for payment of claims, the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed settlement funds. In the event that there are undistributed funds in the Settlement Fund after all payments required under the Settlement Agreement are made, the Parties may make proposals to the Court for equal distribution of such remaining funds to a *cy pres* recipient.

The Settlement is thus designed to afford relief to as many Class members as possible.

The total value of the Settlement Fund is $756,075, and Settlement Class Members shall receive an equal *pro rata* share of the Net Settlement Fund.

### C. Class Notice

Subject to the Court granting Preliminary Approval of the Settlement and Settlement Agreement, PHX West and the Settlement Class Administrator will provide the Class with notice of the proposed Settlement by the following methods.

- **Facsimile Notice:** Within five (5) days after entry of the Preliminary Approval Order, PHX West's counsel shall provide the Fax List to Class Counsel and/or the Class Administrator. Within thirty-five (35) days after entry of the Preliminary Approval Order, the Class Administrator shall cause Notice (Exhibit 1 to the Settlement Agreement, which includes a Claim Form) to be sent to the facsimile

numbers identified on the Fax List. A supplemental notice by fax and/or U.S. Mail will be sent within twenty-one (21) days of the date that the first Notice is sent to those Class Members who did not respond to the Class Notice. Settlement Class Members shall have at least sixty (60) days after the first date on which Notice is sent to submit a Claim Form, request exclusion from the Settlement Agreement, or object to the Settlement Agreement.

- **Internet Posting on Class Counsel's Websites:** Class Counsel will also post the Notice in the form of <u>Exhibit 2</u> to the Settlement Agreement, excluding a Claim Form, and the Settlement Agreement (excluding exhibits) on their firm's respective websites.

- **Settlement Website:** The Class Administrator may create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Class Notice (<u>Exhibits 1 and 2</u>), Claim Form, Preliminary Approval Order and Settlement Agreement (excluding exhibits). In addition to online claims submission, the Class Administrator will also accept Claim Forms by U.S. Mail and fax.

In order to receive one of the benefits described above and become part of the class member payment list, the class member must submit a Claim Form that is timely and valid as determined by the Settlement Class Administrator, based upon the claims process set forth in Paragraphs 7 and 16 of the Settlement Agreement.

### D. Service Awards to Class Representative

Subject to Court approval, Plaintiff Gress will request a service award of $8,000 and Plaintiff AL and PO will request a service award of $4,000, in recognition of their contributions to the Class and the risks they incurred in commencing and prosecuting the action.

### E. Attorneys' Fees and Expenses

The Parties have agreed that PHX West and PHX Inc. will not oppose Class Counsel's request for total fees and expenses in the amount of up to 1/3 of the Net Settlement Fund. The Court does <u>not</u> need to award or otherwise rule on Class Counsel's fees at this time. Class Counsel will file a petition for attorneys' fees separately, pursuant to the schedule in the proposed preliminary approval order attached to the Settlement Agreement as <u>Exhibit 3.</u>

## IV. THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY APPROVED.

### A. The Proposed Settlement Satisfies The Fairness Criteria.

Both judicial and public policies strongly favor the settlement of class action litigation. *See, e.g.*, *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996). Although the standards to be applied at the preliminary approval stage "are ultimately questions for the fairness hearing that comes after a court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase." *Kessler v. Am. Resorts Int'l*, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007) (citing *Armstrong v. Board of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980)). The factors considered at this stage include: (i) the strength of the plaintiff's case compared to the amount of the settlement; (ii) an assessment of the likely complexity of trial; (iii) the length and expense of the litigation; (iv) the amount of opposition to settlement among affected parties; (v) the opinion of counsel; and (vi) the stage of the proceedings and amount of discovery completed. *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 578 (N.D. Ill. 2011) *citing Synfuel Techs, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)).

### 1. Strength of the Case

Plaintiffs alleges that PHX West violated the TCPA, ICFA, and various common laws by sending unsolicited fax advertisements to recipients with deficient opt-out notices. Plaintiffs contend that PHX West did so without prior express consent and without any established business relationship. The Complaint thus alleges that Plaintiffs and the Class are entitled to statutory and actual damages, injunctive relief, costs of suit, attorney's fees (ICFA claim only), and other equitable relief.

PHX West denies any liability and contends that it has a number of affirmative defenses that would defeat Plaintiffs' claim on both substantive and procedural grounds. For instance, PHX West contends that the faxes at issue are not "unsolicited advertisements." *See Physician's Healthsource, Inc. v. MulitPlan Servs. Corp.*, 2013 WL 5299134, at *2 (D. Mass. Sept. 18, 2013) ("Based on the four corners of the facsimile, there is no overt advertising . . . nor is there any enticement that could be construed as pretext to advertise commercial products or services."). If the Court were to determine that the faxes were not advertising but rather were informational messages not regulated by the TCPA, then Plaintiffs and Class Members would not recover anything.

Clearly, one of the factors to be considered as to the fairness of a class action settlement is PHX West's willingness and ability to mount a vigorous defense. "The most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Wong v. Accretive Health, Inc.*, 2014 WL 6888166, at *3 (7th Cir. Dec. 9, 2014); *Synfuel*, 463 F.3d at 653. In doing so, however, "courts should refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *In re AT&T Mobility Wireless Data Services Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010) (internal quotations omitted). Moreover, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to the plaintiffs." *Id.* (internal quotations omitted). Rather, an integral part of the Court's strength-versus-merits evaluation "is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985).

As explained above, the Settlement allows Settlement Class Members to receive monetary relief. While Plaintiffs believe that their claim for maximum statutory damages under the TCPA is strong, Plaintiffs are also aware of the inherent risks and costs of continuing with complex litigation of this nature. If PHX West were to prevail on its asserted defenses, Settlement Class Members, including Plaintiffs, would receive no relief *at all*. Given this possibility, a *pro rata* distribution of the Net Settlement Fund is a meaningful achievement. Accordingly, the Settlement provides a tangible benefit to all those affected by PHX West's alleged violation of the TCPA.

### 2. Risk, Expense, & Complexity of Case

Due to the nature of Plaintiffs' case, trial will require the collection of evidence and witness testimony from across the country. Both Parties would examine a number of PHX West's and PHX Inc.'s current and former employees. PHX West intends to assert a number of affirmative defenses that it contends bar Plaintiffs' claims in whole or in part. PHX West would present – and Plaintiffs would necessarily attempt to rebut – evidence and testimony on whether individual Class members provided prior express consent to or had an existing business relationship with PHX West and/or PHX Inc. The uncertainty as to whether these affirmative defenses apply in this case creates substantial risk for both sides. Plaintiffs and proposed Class Counsel also recognize that the expense, duration, and complexity of protracted litigation would be substantial, and would require further briefing on numerous substantive issues, evidentiary hearings, and further discovery and the gathering of evidence and witnesses.

### 3. The Opinion of Counsel

"The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable, and adequate under Rule 23." *Schulte*, 805 F. Supp. 2d at 586-87. Here, Class Counsel has extensive experience in consumer class actions and complex litigation. (*See* Siprut

Decl. at ¶24 and Exhibit A attached thereto; Declaration of Dan A. Edelman ("Edelman Decl."), attached hereto as Appendix B, at 6-12.) Based upon proposed Class Counsel's analysis and the information obtained from PHX West, a *pro rata* share of the Net Settlement Fund represents a significant recovery for the Settlement Class, especially when weighed against PHX West's anticipated defenses and the inherent risks of litigation. Class Counsel believes that the Settlement is beneficial to the Class and meets the class-certification requirements of Rule 23.

### 4. Extent of Discovery

Based upon information exchanged by the Parties, Plaintiffs believe they possess the evidence needed to evaluate the strengths and weaknesses of the case. PHX West has provided Plaintiffs with information relating to the nature of the faxes and empirical data concerning the number of faxes sent and received. In addition, Plaintiffs subpoenaed the fax broadcaster, Scrypt, Inc. Defendant's insurers initiated insurance declaratory judgment actions, which attached potentially applicable insurance policies. Moreover, counsel for PHX West provided Plaintiffs' counsel correspondence and other information regarding the various insurance policies implicated by the Complaint. As such, counsel for each party has sufficient information to assess the strengths, weaknesses, and likely expense of taking this case to trial.

While the Parties have informally exchanged information critical to evaluating the strength of Plaintiffs' contentions (and PHX West's defenses), the amount of discovery taken is not a prerequisite to a class action settlement. Courts have noted that, "the label of 'discovery' [either formal or informal] is not what matters. Instead, the pertinent inquiry is what facts and information have been provided." *Schulte*, 805 F. Supp. 2d at 587 (internal citation omitted). *See also in re Corrugated Container Antitrust Litigation,* 643 F.2d 195, 211 (5th Cir. 1981) ("It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was

conducted." (emphasis omitted)). Here, information more than sufficient to make a reasonable and informed decision has been procured, meaning that there was a reasonable, informed basis to evaluate the Settlement.

### 5. Presence of Governmental Participants

Although there is no governmental entity participating in this matter as of this time, full and complete notice is being provided to all appropriate state and federal authorities. PHX West will provide such notice which will include all appropriate information and documents required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

## V. THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE SETTLEMENT SHOULD BE SCHEDULED.

### A. The Class Should be Provisionally Certified.

Before preliminary approval of a class action settlement can be granted, the Court must determine that the proposed class is appropriate for certification. *See, e.g.*, Amchem *Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.632. Federal Rule of Civil Procedure 23(a) provides that a class may be certified if (i) the class is so numerous that joinder of all members is impractical, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative parties are typical of those of the class, and (iv) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Williams v. Chartwell Fin. Serv., Ltd*., 204 F.3d 748, 760 (7th Cir. 2000).

Once the requirements of Rule 23(a) have been met, the proposed class must then satisfy at least one of the three subsections of Rule 23(b). *Amchem*, 521 U.S. at 614. In this case, Plaintiffs seek certification of the Settlement Class under Rule 23(b)(3), which requires that (i)

the questions of law or fact common to all class members predominate over issues affecting only individual members, and (ii) the maintenance of a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *Id*. at 615; *Szabo v. Bridgeport Machines, Inc*., 249 F.3d 672, 676 (7th Cir. 2001).

As discussed further below, the Settlement Class meets each of the requirements of Rules 23(a) and (b), and therefore, certification is appropriate.[3]

### 1. Numerosity — Federal Rule of Civil Procedure 23(a).

Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no specific number required, nor is a plaintiff required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). *See also* 3 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 7.20, 66 (4th ed. 2001). Instead, courts are permitted "to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, 2004 WL 719278, at *2 (N.D. Ill. March 31, 2004). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc*., 240 F.R.D. 383, 387 (N.D. Ill. 2006).

In this case, 33,870 individuals or entities were subscribers of fax numbers to which PHX West and/or PHX Inc. sent (or had sent on their behalves) faxes promoting the commercial availability or quality of their property, goods, or services that did not contain opt-out notices as described in the TCPA. (*See* Appendix A at Recitals and Definitions ¶7, Terms ¶4.) Accordingly, the Settlement Class satisfies the numerosity requirement. *See* NEWBERG ON CLASS ACTIONS §

---

[3] As detailed in the Settlement Agreement, PHX West does not oppose the request for class certification solely for the purposes of settlement.

3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands. . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.").

> **2.      Commonality/Predominance — Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**

The commonality element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts recognize that there may be factual differences between class members, but "factual variations among class members' claims" do not themselves "defeat the certification of a class." *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1980); *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993). In fact, the threshold for commonality is not high. *Scholes v. Stone, McGuire, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). Rather, commonality exists if a common nucleus of operative fact exists, even if as to one question of law or fact. *Whitten v. ARS Nat'l Servs. Inc.*, 2001 WL 1143238, *3 (N.D. Ill. Sept. 27, 2001) (commonality is often found where "Defendants have engaged in standardized conduct toward the members of the proposed class."). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (stating that "commonality requires that the claims of the class simply "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). "Class certification is normal in litigation under [the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013), *reh'g denied* (Sept. 24, 2013), *cert. denied,* 134 S. Ct. 1318 (U.S. 2014).

As alleged in Plaintiffs' Complaint, the Settlement Class shares common questions of fact and law that predominate over issues affecting only individual members of the Class. Those common factual and legal issues for the Class include:

a.  Whether Defendant and PHX Inc. engaged in a pattern of sending unsolicited facsimile advertisements;

b.  Whether Defendant and PHX Inc. sent, or caused to be sent, the facsimiles at issue;

c.  Whether Defendant and PHX Inc. thereby violated the TCPA;

d.  Whether Defendant and PHX Inc. thereby engaged in unfair acts and practices, in violation of the ICFA;

e.  Whether Defendant and PHX Inc. thereby converted the property of Plaintiffs and other Settlement Class Members; and

f.  The manner in which Defendant and PHX Inc. compiled or obtained their list of facsimile numbers.

Additionally, Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). "Predominance is a question of efficiency." *Butler v. Sears, Roebuck & Co.*, 2012 WL 5476831, at *2 (7th Cir. Nov. 13, 2012). "A class action is the more efficient procedure for determining liability and damages in a case such as this, involving a defect that may have imposed costs on tens of thousands of consumers yet not a cost to any one of them large enough to justify the expense of an individual suit." *Id.* In this case, common questions predominate for the Settlement Class because PHX West and PHX Inc.'s alleged unlawful conduct presents common questions with regard to all members of the proposed Class. Thus, in the context of the proposed class-wide settlement the predominance requirement

is satisfied because liability and damages would have been decided predominantly, if not entirely, based on common evidence of PHX West and PHX Inc.'s conduct.

### 3.   Typicality — Federal Rule of Civil Procedure 23(a)(3).

Rule 23 also requires that a plaintiff's claims be typical of other class members' claims. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if the plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and…are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). The existence of factual differences will not preclude a finding of typicality. *Id.* "Typicality does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Securities Litigation*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted).

Here, Plaintiffs and the Settlement Class all contend that they received fax advertisements and that PHX West and/or PHX Inc. sent or had them sent on their behalf, thereby entitling Plaintiffs and the Settlement Class to actual, or statutory damages, and equitable relief. Moreover, there are no defenses that pertain to Plaintiffs that would not also pertain to the Settlement Class. Accordingly, Plaintiffs' claims are typical of the other Class members' claims.

### 4.   Adequacy of Representation — Federal Rule of Civil Procedure 23(a)(4).

The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, class representatives must establish that: (i) their claims are not in conflict with those of the proposed class, (ii) they have sufficient interests in the outcome of the case, and (iii) they are represented by experienced, competent counsel. *Hinman v. M and M Rental Ctr., Inc.*,

545 F. Supp. 2d 802, 807 (N.D. Ill. 2008). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Here, Plaintiffs' interests are consonant with the interests of the Settlement Class – obtaining relief from PHX West and PHX Inc. for their marketing of their property, goods or services by facsimile transmissions. Plaintiffs have no interests antagonistic to the interests of the other Settlement Class Members. (*See* Siprut Decl. ¶25.) Moreover, Class Counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have significant experience in consumer class actions involving similar issues, scope, and complexity. (*See id.* at ¶24; Edelman Decl. ¶19.) Accordingly, Plaintiffs and Class Counsel would adequately represent the proposed Settlement Class.

### 5. Superiority — Federal Rule of Civil Procedure 23(b)(3).

In addition to satisfying Rule 23(a), a plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). When settling a class action, Plaintiffs do not have to prove manageability under Rule 23(b)(3) as if the case were being fully litigated because settlement may "eliminate all the thorny issues that the court would have to resolve if the parties fought out the case." *Carnegie v.*

*Household International, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) (citing *Amchem*, 521 U.S. at 117)).

The present class action is superior to other available methods for the fair and efficient adjudication of Plaintiffs' and the Settlement Class' claims. The burden and expense of individual prosecution of the litigation necessitated by PHX West and PHX Inc.'s actions makes a class action superior to other available methods of resolution. Thus, absent a class action, it would be difficult, if not impossible, for individual members of the Settlement Class to obtain effective relief.

**B.    The Form and Method of Service of Class Notice Should Be Approved.**

"When the parties reach a settlement agreement before a class determination and seek to stipulate that the settlement will have class wide scope, a class notice must be sent to provide absent class members with certain basic information so that they have an opportunity to consider the terms of the settlement." 2 NEWBERG, section 11.30, p. 11-62-11-63. The substance of the notice must describe, in plain language, the nature of the action, the definition of the certified class, and the class claims and defenses at issue. *See* Fed. R. Civ. P. 23(c)(2)(B). The notice must also explain that class members may enter an appearance through counsel if desired, may request to be excluded from the class, and that a class judgment shall have a binding effect on all class members. *Id*. Additionally, dissemination of the notice must comport with both Rule 23 and due process, which require that a class receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The proposed notice plan in this case satisfies Rule 23's notice requirements as well as due process considerations, and provides:

1.    A brief summary of the claims alleged in the action;

2. An explanation of the proposed terms of the Settlement, the amount the Settlement Class Members are entitled to receive under the Settlement Agreement, and the method by which Class members can claim their Settlement benefit;

3. An explanation of the right to opt out of and/or object to the Settlement within given time-frames and subject to certain requirements;

4. An explanation that members of the Settlement Class who do not opt out will be bound by the proposed Settlement and judgment and will have released their claims;

5. An explanation that members of the Settlement Class who do not opt out will be represented by proposed Class Counsel; and

6. An identification of Class Counsel and a means for making inquiries thereof. Federal courts authorize service of class notice by a variety of reliable means. In this regard, "[t]here is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather, 'individual notice must be provided to those Class members who are identifiable through reasonable effort.'" *Eisen*, 417 U.S. at 175-76.

In this case, the Settlement provides for direct notice via facsimile to each of the approximately 33,870 unique fax numbers identified by PHX West. Within twenty-one (21) days of the date the first notice is sent by fax, the Class Administrator may send a supplemental notice by fax and/or U.S. Mail. This notice method is reasonably calculated to reach the Settlement Class Members by the best means practicable and should be approved. *See, e.g.*, *C.E. Design, Ltd. v. King Supply Co., LLC*, 2012 WL 2976909, at *3 (N.D. Ill. July 20, 2012) (approving notice via facsimile); *Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc.*, 12-cv-780 (N.D. Ill.) (Docket No. 73) (fax and publication notice); *Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Med.-Surgical Supply Co.*, 12-cv-5608 (N.D. Ill.) (Docket No. 90) (fax

notice); *Dr. William P. Gress v. Northwood, Inc.*, 12-cv-7278 (N.D. Ill.) (Docket No. 38) (fax and mail notice); *Able Home Health, LLC v. Healthy Advice Commc'ns., Inc.*, 12-cv-3019 (N.D. Ill.) (Docket No. 60) (fax and mail notice); *Richard Wade Architects, P.C. v. Eng'g. Servs. and Prods. Co.*, 11-cv-9251 (N.D. Ill.) (Docket No. 58) (fax notice); *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 2014 WL 413533, at *1-2 (D.N.J. Feb. 3, 2014) (fax notice); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1204-05 (C.D. Cal. Mar. 27, 2014) (fax notice); *A & L Indus., Inc. v. P. Cipollini, Inc.*, 2014 WL 906180, at *1 (D.N.J. Mar. 7, 2014)(rejecting arguments that notice had to be served in accordance with Rule 5(b); "Rule 23(c) should supersede because Rule 23(c) addresses class notice specifically, whereas Rule 5 addresses service generally.").

### C. The Court Should Schedule A Hearing For Final Settlement Approval.

Following notice to the Settlement Class, a Fairness Hearing is to be held on the proposed Settlement. MANUAL FOR COMPLEX LITIGATION, § 21.633. Accordingly, Plaintiffs, by proposed Class Counsel, respectfully requests that the Court schedule a hearing on final approval of the Settlement to be held no earlier than 90 days after entry of the Preliminary Approval Order. The hearing on the final settlement approval should be scheduled now so that the date can be disclosed in the class notice. After receiving final approval, the Parties request that the Court enter a Final Approval Order in the form attached to the Settlement Agreement as Exhibit 4.

## VI. CONCLUSION

Based upon the foregoing, and because the proposed Settlement is fair, reasonable, and advantageous to the proposed Settlement Class, Plaintiffs respectfully request that the Court enter an Order in the form of Exhibit 3 attached to the Settlement Agreement:

A. Preliminarily approving the Settlement as being fair, reasonable, and adequate;

B.      Preliminarily approving the Class Notice and Claim Form and attached as Exhibits 1 and 2 to the Settlement Agreement;

C.      Setting the date and time of the Fairness Hearing to be held no earlier than 90 days after entry of the Preliminary Approval Order;

D.      Provisionally certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

E.      Appointing Plaintiffs as Settlement Class representatives;

F.      Appointing Edelman, Combs, Latturner & Goodwin, LLC and Siprut PC as Class Counsel as Class Counsel; and

G.      Such other and further relief the Court deems just and proper.


Dated: January 12, 2015                              Respectfully submitted,

*s/ Joseph J. Siprut*                                *s/ Heather Kolbus*
Joseph J. Siprut                                     Daniel A. Edelman
*jsiprut@siprut.com*                                 Heather Kolbus
Gregg M. Barbakoff                                   Edelman, Combs, Latturner
*gbarbakoff@siprut.com*                              & Goodwin, LLC
Ismael T. Salam                                      120 S. LaSalle St., 18th Floor
*isalam@siprut.com*                                  Chicago, IL 60603
**SIPRUT PC**                                        (312) 739-4200
17 North State St.                                   (312) 419-0379 (FAX)
Suite 1600
Chicago, Illinois 60602                              *Counsel for Dr. William P. Gress*
312.236.0000
Fax: 312.241.1260

*Counsel for AL and PO Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement** was filed on this 12th day of January, 2015, via the electronic filing system of the United States District Court for the Northern District of Illinois, which will automatically serve all counsel of record.


_s/ Joseph J. Siprut_


4814-4306-7937, v. 4