# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. WILLIAM P. GRESS and AL AND PO | ) | |
| CORPORATION, on behalf of plaintiffs and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiffs, | ) | 14-cv-501 |
| | ) | *Consolidated with* |
| v. | ) | 14-cv-2177 |
| | ) | |
| PREMIER HEALTHCARE EXCHANGE | ) | Magistrate Judge Gilbert |
| WEST, INC., a New Jersey Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

## RECITALS & DEFINITIONS

1.    **Parties**.  Defendant Premier Healthcare Exchange West, Inc. (**"PHX West"** or **"Defendant"**), its parent corporation Premier Healthcare Exchange, Inc. ("PHX Inc.") and Plaintiffs Dr. William P. Gress and AL and PO Corporation (**"Plaintiffs"**) individually and as representatives of the settlement class of persons defined below in paragraph 7 (the **"Settlement Class"**), enter into this Settlement Agreement (**"Settlement Agreement"**) as of the last date indicated on the signature page hereto.

2.    **Nature of Litigation.**  In the lawsuit, captioned *William P. Gress and AL and PO Corporation v. Premier Healthcare Exchange West, Inc.*, United States District Court, Northern District of Illinois, Eastern Division, docket no. 14-cv-501 consolidated with docket no. 14-cv-2177 (the **"Litigation"**), Plaintiffs filed an amended consolidated complaint on May 29, 2014 (the **"Class Action Complaint"**) alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (**"TCPA"**) and the Illinois Consumer Fraud Act, 815 ILCS 505/2 (**"ICFA"**), as well as common law claims for conversion, private nuisance, and trespass to

chattels (the **"Common Law Claims" and collectively with the TCPA and ICFA claim, the "Claims"**) based on their contentions that PHX West sent or caused to be sent unsolicited facsimile advertisements.

       3.    **<u>Denial of Liability.</u>**  PHX West and PHX Inc. specifically deny violating the TCPA or the ICFA as well as any liability for the Common Law Claims, and further deny any liability to Plaintiffs and the Settlement Class for the claims alleged in the Litigation and/or the Class Action Complaint.  PHX West and PHX Inc. desire to settle and to forever resolve the Claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiffs and/or the Settlement Class against PHX West and/or PHX Inc. concerning the matters alleged in the Class Action Complaint or otherwise. Neither execution, nor delivery of, nor payment under, this Agreement shall be construed as an admission or concession of liability or non-liability by PHX West and/or PHX Inc.

       4.    **"<u>Class Counsel</u>"** means Edelman, Combs, Latturner, & Goodwin LLC, and Siprut PC and their respective attorneys.

       5.    **"<u>Class Period</u>"** means the period of time spanning January 23, 2010 to March 27, 2014 (the date the *AL and PO* complaint was filed).

       6.    **"<u>Plaintiffs</u>"** means Dr. William P. Gress and AL and PO Corporation and any other name under which these two entities operate any business enterprise and each and every one of their respective past, present or future employees (as employees of Plaintiffs), agents (as agents of Plaintiffs), representatives, attorneys (as counsel for Dr. William P. Gress and AL and PO Corporation), heirs, assigns, or any other person acting on their behalf or for their benefit, or any person claiming through them (in their capacities as such).

2

7. **"Settlement Class"** means all persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or PHX Inc. between January 23, 2010 to March 27, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227. The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of the healthcare provider networks to which PHX West had access during the Class Period (collectively, the **"In-Network Providers"**).

8. **"Released Parties"** means PHX West and PHX Inc. and their affiliated entities (if any); their predecessors and successors in interest and their present, former, and future affiliates, and the past and current officers, directors, shareholders, partners, members, employees, agents and insurers of the foregoing persons or entities in such capacities as they relate to the actions that are the subject of the Litigation. The Parties expressly agree that any person or entity named in this Settlement Agreement which is not a party to this Settlement Agreement is an intended third party beneficiary of this Agreement.

9. **"Settlement Class Member(s)"** means Plaintiffs and any member of the Settlement Class who is not excluded from the Settlement Class by the Court.

10. **"Released Claims"** means any and all causes of action, suits, claims, rights or demands, in law or in equity, known or unknown at this time, which any Settlement Class Member now has, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from the transmission of unsolicited facsimile advertisements by or on behalf of PHX West and/or PHX Inc. to Settlement Class Members during the Class Period.

11. Plaintiffs, individually and on behalf of the Settlement Class, desire to settle their claims against PHX West and any potential claims against PHX Inc., having taken into account, through Plaintiffs' counsel, the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive. Plaintiffs represent and warrant that they each owned or leased their respective facsimile machines which received the faxes at issue in the Litigation at the time the faxes were received. The warranties and representations made in this Agreement survive the execution of this Settlement Agreement.

12. Class Counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Settlement Agreement, Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

13. In consideration of the foregoing and other valuable consideration, Plaintiffs, Plaintiffs' counsel, PHX West, and PHX Inc. agree to settle the claims of the Plaintiffs and the Settlement Class Members, subject to the Court's approval, on the following terms and conditions:

<u>**TERMS**</u>

1. <u>**Incorporation of Recitals and Definitions.**</u> The recitals and definitions set forth above are expressly incorporated into and made a part of this Agreement.

2. <u>**Effective Date.**</u> If there is no objection to the Court approving this Settlement, then the Settlement Agreement shall become effective (hereinafter, the **"Effective Date"**) upon the occurrence of all of the following: (i) The Court's entry of a Final Approval

4

Order substantially in the form of <u>Exhibit 4</u>; and (ii) the expiration of five (5) days from the time that the Final Approval Order becomes final and non-appealable.

        3.      **Certification of the Settlement Class.** Solely for the purposes of settlement, the parties stipulate to certification of the Settlement Class. For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order, the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class subject to final findings and certification in the Final Approval Order, and appointing Plaintiffs as class representatives and appointing Class Counsel as Settlement Class Counsel. For settlement purposes only, the Settlement Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. PHX West and PHX Inc. do not consent to certification of the Settlement Class for any purpose other than to effectuate the class-wide settlement of the Litigation as contemplated by this Agreement. If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction: (i) the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (ii) this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement nor any other associated settlement document may be used in seeking class certification; and (iii) PHX West and PHX Inc. reserve all procedural or substantive rights as of the date of execution of this Settlement Agreement.

4. **PHX West and PHX Inc. Representations.** Defendant represents that, based on a review of its records, and the data it received from third-party fax broadcaster, Scrypt, Inc., approximately 33,870 unique fax numbers were identified to have been sent facsimiles similar to those attached as exhibits to the Class Action Complaint. The 33,870 fax recipients were "non-network" healthcare providers, meaning these healthcare providers were not members of healthcare provider networks to which PHX West had access. These faxes were sent by or on behalf of PHX West and/or PHX Inc. during the Settlement Class Period. PHX West will provide to Class Counsel and/or the Class Administrator the list of facsimile numbers and the names, and postal addresses of the subscribers to these facsimile numbers (the **"Fax List"**). Some Settlement Class members may have been sent more than one PHX West and/or PHX Inc. facsimile, but in no event were more than 67,000 faxes in total sent to those non-network healthcare provider recipients.

5. **Relief to Plaintiffs and the Settlement Class Members.** PHX West and PHX Inc. shall provide the following relief to Plaintiffs and the Settlement Class Members, subject to the Court's approval:

    a.    creation of a $756,075.00 Settlement Fund (**"Settlement Fund"**) which shall be distributed as set forth below;

    b.    notice and administrative expenses will be paid from the Settlement Fund; and

    c.    after the notice and administrative expenses are deducted, as well as the legal fees and costs (as provided below) from the Settlement Fund, the remaining Settlement Fund (the **"Net Settlement Fund"**) shall be apportioned as follows, subject to court approval:

        i.    $8,000 shall be paid from the Net Settlement Fund to plaintiff Dr. William P. Gress and $4,000 shall be paid from the Net Settlement Fund to plaintiff AL and PO Corporation as an incentive award in recognition of their services as class representatives; and

ii.      each Settlement Class Member who submits a valid claim form will receive a check for its *pro rata* share of the Net Settlement Fund without a cap, after the amounts set forth in subparagraphs (b) and (c)(i) are distributed.

d.      No amount of money remaining in the Net Settlement Fund shall revert to PHX West.

e.      Any uncashed settlement checks or undistributed settlement funds remaining in the Net Settlement Fund after the redistribution of monies to the Settlement Class Members in Subparagraph 5(c)(ii),    shall be distributed via *cy pres* to an entity agreed upon between the Parties and approved by the Court.

6.      Within fourteen (14) days of the Effective Date, PHX West shall deliver the Settlement Fund to the Class Administrator to be held in trust for distribution to the Settlement Class.  Within thirty (30) days following the Effective Date, the Class Administrator shall distribute the Settlement Fund in accordance with this Agreement.

7.      Following entry of an order preliminarily approving the settlement (in a form substantially as attached as Exhibit 3 hereto) by the Court, each member of the Settlement Class shall have sixty (60) days to submit a claim form, to opt out, or object to the proposed settlement, after Notice (Exhibit 1 hereto) of the proposed settlement is sent to the Settlement Class as set forth in paragraph 15.

8.      Costs associated with notice, claims administration and distribution of settlement checks shall be paid from the Settlement Fund.  Administrative expenses include any work that the Class Administrator may perform as is deemed necessary by agreement of the parties.   Defendant may select the Class Administrator and shall notify Plaintiffs' Counsel of its selection within ten (10) days after this Agreement is fully executed.   Prior to Defendant's selection of a Class Administrator, counsel for Plaintiffs and Defendant shall exchange estimates

or bids from Class Administrators. Notice and administrative expenses shall not exceed $50,000.00.

9.      The settlement checks issued to the Settlement Class Members for payment of claims under this Agreement will be void after sixty (60) days from the date of issuance. Any Settlement Class Member who does not negotiate the claim payment check issued to them within sixty (60) days of the date of issuance of the settlement claim payment check, agrees that they rescind and withdraw their claim for monetary compensation under this Settlement Agreement but remain a Settlement Class Member and are bound by the terms of this Settlement Agreement.

10.      **Undistributed Settlement Funds.** Within thirty (30) days following the last void date of the checks issued to Settlement Class Members for payment of claims, the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed settlement funds. In the event that there are undistributed funds in the Settlement Fund after all payments required under this Agreement are made, the Parties may make proposals to the Court for equal distribution of such remaining funds to a *cy pres* recipient.

11.      **Release.** Upon the Effective Date, Plaintiffs and the Settlement Class Members, grant and provide the following unequivocal and irrevocable releases:

a.      Plaintiffs and the Settlement Class Members, hereby fully release and discharge the Released Parties from any and all liability for the Released Claims.

b.      Plaintiffs and each Settlement Class Member, hereby fully release and discharge the Released Parties from any and all liability for any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which each such Settlement Class member now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to the Released Claims.

8

12.    **Complete Defense.** This Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the claims released herein.  Without admitting that California law or the laws of any other state apply to this Agreement or that the release provided by Plaintiffs and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class shall be deemed to have waived and shall have expressly waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor.  Further, Plaintiffs and  the Settlement Class Members, expressly waive any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

13.    **Effects of Non-Approval of Settlement.** If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

14.    **Attorneys' Fees, Notice Costs and Related Matters.**    The Class Administrator will administer the Settlement Fund for the benefit of the Settlement Class Members.    Class Counsel will request approval from the Court for attorneys' fees in an amount not to exceed  1/3 of the Net Settlement Fund.  Edelman, Combs, Latturner & Goodwin, LLC and Siprut PC agreed in separate agreement on the allocation of any Attorneys' Fees awarded by the Court.  Class Counsel will not request additional fees or costs from Defendant or the

9

Settlement Class Members other than the above-referenced sums. Class Counsel shall file their fee petition twenty-eight (28) days prior to the deadline to submit objections, as set forth in paragraph 17.

15. **Notice.** Within five (5) days of entry of the Preliminary Approval Order, PHX West's Counsel shall provide Class Counsel and/or the Class Administrator with the Fax List in MS Word or Excel format. Within thirty-five (35) days of entry of the Preliminary Approval Order, the Class Administrator shall cause a Notice in the form of Exhibit 1 which includes a Claim Form to be faxed to each Settlement Class Member on the Fax List. The Class Administrator shall make at least two attempts to transmit the Notice by fax to those numbers where the initial transmission failed.

Within twenty-one (21) days of the date that the Notice was first sent by fax, the Class Administrator may send the Notice and Claim Form by fax and/or U.S. Mail to each Settlement Class Member who did not submit a Claim form or otherwise respond to the Class Notice by that date. If notice is sent by fax, the Class Administrator shall make at least two attempts to transmit the Notice by fax to those numbers where the initial transmission failed. If notice is sent by U.S. Mail, the addresses provided by Defendant on the Fax List shall be run through a NCOA database prior to being mailed. The postage rate selected for the mailing of the Notice shall provide for notification of forwarding addresses. If the Notices are returned by the Postal Service as undeliverable, Class Counsel or the Class Administrator may undertake further reasonable efforts to locate that person or entity to re-send the Notice to that member of the Settlement Class. If the Notice is returned by the Postal Service with a forwarding address or other error that can be ascertained and corrected, then Class Counsel or the Class Administrator shall re-send by first class mail, the Notice to the new address within five (5) days.

10

Class Counsel will also post the Notice in the form of Exhibit 2, excluding a Claim Form, and this Settlement Agreement (excluding exhibits) on their firms' respective websites. Class Counsel or the Class Administrator shall provide any Settlement Class Member who contacts either of them and requests a copy of the Notice or Claim Form with the Notice.

The Class Administrator may create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Notices (Exhibits 1-2), Claim Form, Preliminary Approval Order, and Settlement Agreement (excluding exhibits).

Class Counsel and/or the Class Administrator shall retain all documents and records generated during the administration of the settlement including records of notice given to Class Members, confirmations of transmittals of such notices by email, records of undelivered email, claim forms, and payment to Class Members for a period of one year following the issuance of the Final Approval Order, and the expiration of all deadlines for appeal therefrom. The Fax List and all other documents and records generated during the administration of the settlement shall be used for purposes consistent with notice and administration of this settlement and for no other purpose.

16. **Claim Validation.** The Class Administrator shall attempt to match the fax number provided by the Settlement Class Member on a returned Claim Form to a fax number on the Fax List. If the fax number does not match, then Class Counsel or the Class Administrator shall follow-up with the Settlement Class Member and inquire if they were a subscriber to other fax numbers during the Class Period (to ascertain if any different fax number is a number on the Fax List), in an effort to determine whether the claim is a valid claim.

If the fax number or fax numbers provided on a Claim Form do not match the list, and the follow-up with the Settlement Class Member has not resolved the issue, Class Counsel or the Class Administrator shall disallow the claim. If a claim is deemed disallowed by the Class Administrator, the Class Administrator must communicate that disallowance of the claim to Class Counsel and counsel for PHX West and PHX Inc., and allow Class Counsel an opportunity to investigate the basis for disallowing the claim. In the event the Parties disagree as to the validity of any Claim Form or whether to disallow a claim, then Class Counsel will present the disputed claim to the Court for resolution.

Settlement Class Members submitting valid claim forms shall be paid a pro rata share of the Settlement Fund in accordance with this Agreement.

17. **Right to Object.** Any Settlement Class Member may object to the Settlement Agreement and appear in person or through counsel, at his, her or its own expense. The deadline to object shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least sixty (60) days after the Notice is sent. Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing a copy of the objection to Plaintiff's Counsel and Defendant's Counsel. Any objection must include: (i) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection.

18. **Right of Exclusion.** All Class Members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class Members pursuant to this Settlement

12

Agreement. A request for exclusion must be in writing and state the name, address, and facsimile phone number (to which fax was sent) of the person(s) or entity seeking exclusion. Each request must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed to Class Counsel or the Class Administrator at the address provided in the Notice and postmarked or received by Class Counsel or the Class Administrator on such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Class Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a Settlement Class Member and shall be bound by the terms of the Settlement Agreement, if approved. Class Members shall have at least sixty (60) days from the date that Notice is sent to opt out of the settlement set forth in this Settlement Agreement.

19. **Preliminary Approval.** As soon as practicable after execution of this Settlement Agreement, Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of <u>Exhibit 3</u> or in such other form which is mutually acceptable to the Parties.

20. **Final Approval.** Class Counsel shall file a memorandum in support of final approval of the Settlement, prior to the date the Court sets for the final approval hearing. Prior to the filing of the Final Approval Memorandum, Class Counsel shall file a petition for an award of attorneys' fees and costs. The Parties shall request the Court to enter a Final Approval Order substantially in the form of <u>Exhibit 4</u>, or in another form which is mutually acceptable to

13

the Parties.  Pursuant to CAFA, the Final Approval Order shall not be entered until the expiration of at least ninety (90) days from the date the preliminary approval order was entered.  Entry of a Final Approval Order substantially in the form of <u>Exhibit 4</u> or in another form which is mutually acceptable to the Parties is a condition precedent to this Settlement Agreement becoming fully effective.  In the event a Final Approval Order substantially in the form of <u>Exhibit 4</u> or in another form which is mutually acceptable to the Parties is not entered, then this Agreement shall be null and void and is rescinded.

21.     The fact that the Court may require non-substantive changes to documents attached as <u>Exhibits 1 through 4</u> does not invalidate this Settlement Agreement.

22.     **Release of Attorneys' Lien.**    In consideration of this Settlement Agreement, Class Counsel hereby waives, discharges and releases the Released Parties of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Class Action Complaint, other than the amount awarded by the Court as specified above.

23.     **Dismissal Order.**  At the hearing on Final Approval of the Settlement, Class Counsel shall present an Order or Stipulation of Dismissal dismissing the claims of Plaintiffs and the Settlement Class Members, except those who have opted out of or been excluded from the Settlement, against PHX West and PHX Inc. with prejudice and without costs, except as those provided by the parties' agreement.

24.     **Applicable Law.**  This Settlement Agreement shall be governed by and interpreted in accordance with the state law of the State of Illinois without regard to conflicts of law principles.

14

25.     **No Solicitation of In-Network Providers.**  Class Counsel represents that as of the date of execution of this Agreement for the purpose of making the representations set forth in this paragraph, it has not been retained to represent  any of the 20,004 In-Network Providers (as defined in Paragraph 7) who has identified a claim against PHX West related to or arising out of PHX West and/or PHX Inc.'s sending of faxes promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227, or related to the claims alleged in the Litigation..

26.     **Miscellaneous Provisions.**  The Parties and their attorneys agree to cooperate fully and in good faith with one another in seeking approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein.  Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of PHX West of any liability or wrongdoing whatsoever.

27.     **Benefit of this Settlement Agreement.**  This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Released Parties and Settlement Class Members and each of their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns.  It is expressly understood by the Parties that the Released Parties are intended third-party beneficiaries of this Agreement.

28.     **Authority.**  The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations.

29. **Right to Set Aside Settlement Agreement.** PHX West and/or PHX Inc. shall have the right, but not the obligation, to set aside or to rescind this Settlement Agreement, if more than 100 Settlement Class members submit non-duplicative, timely and valid requests for exclusion from this Settlement Class. PHX West and/or PHX Inc. must timely exercise its right to rescind the Agreement by filing a Notice of Rescission with the Clerk of the Court prior to the entry of a Final Approval Order by the Court.

30. **Entire Agreement.** Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

31. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or email shall be deemed legal and binding for all purposes.

32. **Headings.** The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

16

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below:

**PLAINTIFFS**                                  **DEFENDANT**

*Dr. William P. Gress*                          *Premier Healthcare Exchange West, Inc.*

By: _____

Its: _____

*AL and PO Corporation*

By: _____                     *Premier Healthcare Exchange, Inc.*

Its: _____                    By: _____

                                                Its: _____

_____
Joseph J. Siprut
Ismael T. Salam
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
(312) 236-0000
(312) 241-1260 (FAX)

_____                         _____
Daniel A. Edelman                               David S. Almeida
Heather Kolbus                                  David M. Poell
EDELMAN, COMBS, LATTURNER                       SHEPPARD MULLIN RICHTER
& GOODWIN, LLC                                  & HAMPTON LLP
20 S. Clark Street, Suite 1500                  70 W. Madison Street, 48th Floor
Chicago, IL 60603                               Chicago, IL 60602
(312) 739-4200                                  (312) 499-6300
(312) 419-0379 (FAX)                            (312) 499-6301 (FAX)

*Counsel for Plaintiffs William P. Gress,*       *Counsel for Defendant Premier*
*AL and PO Corporation, and the Class*           *Healthcare Exchange West, Inc. and*
                                                *Premier Healthcare Exchange, Inc.*

17

**IN WITNESS WHEREOF,** the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below:

<table>
<tr>
<td>

**PLAINTIFFS**
*Dr. William P. Gress*

</td>
<td>

**DEFENDANT**
*Premier Healthcare Exchange West, Inc.*

</td>
</tr>
<tr>
<td>

*AL and PO Corporation*

By: _____

Its: _____

Joseph J. Siprut
Ismael T. Salam
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
(312) 236-0000
(312) 241-1260 (FAX)

</td>
<td>

By: _____

Its: _____

*Premier Healthcare Exchange, Inc.*

By: _____

Its: _____

</td>
</tr>
<tr>
<td>

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

*Counsel for Plaintiffs William P. Gress,
AL and PO Corporation, and the Class*

</td>
<td>

David S. Almeida
David M. Poell
SHEPPARD MULLIN RICHTER
& HAMPTON LLP
70 W. Madison Street, 48th Floor
Chicago, IL 60602
(312) 499-6300
(312) 499-6301 (FAX)

*Counsel for Defendant Premier
Healthcare Exchange West, Inc. and
Premier Healthcare Exchange, Inc.*

</td>
</tr>
</table>

17

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below:

| | |
|---|---|
| **PLAINTIFFS** | **DEFENDANT** |
| *Dr. William P. Gress* | *Premier Healthcare Exchange West, Inc.* |

By: _____

Its: _____

*AL and PO Corporation*

*Premier Healthcare Exchange, Inc.*

By: _____     By: _____

Its: _____     Its: _____

_____
Joseph J. Siprut
Ismael T. Salam
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
(312) 236-0000
(312) 241-1260 (FAX)

_____     *David M. Poell*

Daniel A. Edelman                                   David S. Almeida
Heather Kolbus                                       David M. Poell
EDELMAN, COMBS, LATTURNER                            SHEPPARD MULLIN RICHTER
& GOODWIN, LLC                                       & HAMPTON LLP
20 S. Clark Street, Suite 1500                       70 W. Madison Street, 48th Floor
Chicago, IL 60603                                    Chicago, IL 60602
(312) 739-4200                                       (312) 499-6300
(312) 419-0379 (FAX)                                 (312) 499-6301 (FAX)

*Counsel for Plaintiffs William P. Gress,*           *Counsel for Defendant Premier*
*AL and PO Corporation, and the Class*               *Healthcare Exchange West, Inc. and*
                                                     *Premier Healthcare Exchange, Inc.*

17

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below:

| | |
|---|---|
| **PLAINTIFFS** | **DEFENDANT** |
| *Dr. William P. Gress* | *Premier Healthcare Exchange West, Inc.* |

By: _____

Its:    *CFO* _____

*AL and PO Corporation*

*Premier Healthcare Exchange, Inc.*

By: _____

Its: _____

By: _____

Its:    *CFO* _____

_____
Joseph J. Siprut
Ismael T. Salam
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
(312) 236-0000
(312) 241-1260 (FAX)

_____
Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

*Counsel for Plaintiffs William P. Gress,*
*AL and PO Corporation, and the Class*

_____
David S. Almeida
David M. Poell
SHEPPARD MULLIN RICHTER
& HAMPTON LLP
70 W. Madison Street, 48th Floor
Chicago, IL 60602
(312) 499-6300
(312) 499-6301 (FAX)

*Counsel for Defendant Premier*
*Healthcare Exchange West, Inc. and*
*Premier Healthcare Exchange, Inc.*

17

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below:

| | |
|---|---|
| **PLAINTIFFS** | **DEFENDANT** |
| *Dr. William P. Gress* | *Premier Healthcare Exchange West, Inc.* |

_____      By:   _____

*AL and PO Corporation*                                    Its:   _____

By:   _____      *Premier Healthcare Exchange, Inc.*

Its:   _____       By:   _____

                                                          Its:   _____

_____

Joseph J. Siprut
Ismael T. Salam
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
(312) 236-0000
(312) 241-1260 (FAX)

| | |
|---|---|
| _____ | _____ |
| Daniel A. Edelman | David S. Almeida |
| Heather Kolbus | David M. Poell |
| EDELMAN, COMBS, LATTURNER | SHEPPARD MULLIN RICHTER |
| & GOODWIN, LLC | & HAMPTON LLP |
| 20 S. Clark Street, Suite 1500 | 70 W. Madison Street, 48th Floor |
| Chicago, IL  60603 | Chicago, IL  60602 |
| (312) 739-4200 | (312) 499-6300 |
| (312) 419-0379 (FAX) | (312) 499-6301 (FAX) |
| | |
| *Counsel for Plaintiffs William P. Gress,* | *Counsel for Defendant Premier* |
| *AL and PO Corporation, and the Class* | *Healthcare Exchange West, Inc. and* |
| | *Premier Healthcare Exchange, Inc.* |

17

# EXHIBIT 1

**Exhibit Q**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT:** *DR. WILLIAM P. GRESS & AL AND PO CORP. v. PREMIER HEALTHCARE EXCHANGE WEST, INC.,* No. 14 C 501

*THIS IS **NOT** A SOLICITATION. THE SENDING OF THIS NOTICE BY FACSIMILE HAS BEEN APPROVED BY THE COURT.*

**I. THE LAWSUIT:** Dr. William P. Gress and AL and PO Corporation (collectively, "Plaintiffs") sued Premier Healthcare Exchange West, Inc. ("PHX West") alleging that they received an unsolicited fax advertisement from PHX West promoting its goods or services that did not contain an opt out notice. Plaintiffs alleged that these faxes violated the Telephone Consumer Protection Act ("TCPA"), Illinois Consumer Fraud Act and Illinois common law (conversion, private nuisance, and trespass to chattels). PHX West denies these allegations, but agreed to settle to avoid the costs and uncertainties of litigation.

**II. WHO IS INCLUDED:** PHX West's ("Defendant") records show that you were sent one or more faxes promoting its goods/services between January 23, 2010 and March 27, 2014 and may be included in the Settlement. Specifically, the Court certified a "Settlement Class" of: All persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or PHX Inc. between January 23, 2010 to March 27, 2014 ("class period"), promoting the commercial availability or quality of its property, goods, or services and which do not contain an opt out notice as described in 47 U.S.C. § 227. The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of the healthcare provider networks to which PHX West had access during the Class Period.

**III. THE PROPOSED SETTLEMENT:** PHX West has agreed to pay a $756,075 Settlement Fund. Before making payments to Settlement Class members, the Settlement Fund will be used to pay notice and administrative expenses (in an amount not to exceed $50,000), a $8,000 incentive award to Plaintiff Dr. Gress and a $4,000 incentive award to Plaintiff AL and PO Corp. (a total of $12,000), and attorney's fees (1/3 of the Net Settlement Fund) Each Class Member who submits a valid claim will receive an equal *pro rata* share of the Net Settlement Fund based on the number of fax transmissions received. Your share of the Settlement Fund depends on how many Settlement Class members submit Claim Forms and the number of faxes those claims represent. This notice is being sent to approximately 33,870 Settlement Class members who were sent no more than 67,000 faxes.

**III. WHO REPRESENTS YOU:** The Court appointed Edelman, Combs, Latturner, & Goodwin, LLC and Siprut PC to represent the Settlement Class as Class Counsel.

**V. YOUR LEGAL RIGHTS AND OPTIONS: (1) Submit a Claim Form**. You must complete and submit the attached Claim Form by [DATE] to receive a cash payment. If your payment exceeds $599.99 you will be required to complete and submit a W-9. If you are entitled to receive over $599.99 and you do not submit a completed W-9 with your Claim Form, your payment will be $599.99. **(2) Exclude Yourself.** If you do not wish to participate in the Settlement you may exclude yourself from it by DATE, 2014 by sending (via US Mail) a letter to Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, IL 60603, fax: (312) 419-0379, or Siprut PC,17 N. State Street, Suite 1600, Chicago, IL 60602, fax: (312) 948-9212, or the Class Administrator, *Gress v. PHX West* Class Administrator, P.O. Box xxxx, City ST xxxx-xxxx,. The Notice of Exclusion must state your name or your company's name, address, the fax number to which you were sent the fax, the case name and number, and state that you wish to be excluded from the Settlement Class. If you exclude yourself from the Settlement you will not receive a payment and you will not release any claims against PHX West and PHX, Inc. **(3) Object.** If you do not exclude yourself, you can file an objection, either on your own or through an attorney, explaining why you think the Court should not approve the settlement. The objection must contain the case name and number; your name and address; the fax number to which you were sent the fax; a statement of your objection; an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection may be filed by DATE, 2015 with (1) the Clerk of the United States District Court, Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604; and sent to (2) Edelman, Combs, Latturner, & Goodwin, LLC (29350), 20 S. Clark St., Suite 1500, Chicago, IL 60603; (3) Siprut PC, 17 N. State Street, Suite 1600, Chicago, IL 60602; and (4) David S. Almeida, Sheppard Mullin Richter & Hampton LLP, 70 W. Madison Street, 48th Floor, Chicago, IL 60602. **(4) Do Nothing.** If you do nothing you will not receive a cash recovery, but you will be bound by all the terms of the Settlement Agreement.

**VI. WHAT AM I GIVING UP UNDER THE SETTLEMENT?** If the settlement becomes final, you will be releasing PHX West and PHX, Inc. for any claims you may have relating in any way to any unsolicited advertising faxes it sent to you during the class period. The Released Claims are fully explained in the Settlement Agreement, available at www.edcombs.com and [class administrator's website].

**VII. FINAL APPROVAL HEARING:** The Court has scheduled a Final Approval Hearing before Magistrate Judge Gilbert on [DATE AND TIME] in Courtroom 1386 of the United States District Courthouse for the Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604. You or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

**VIII. MORE INFORMATION:** More information is available at www.edcombs.com and www.phxfaxsettlement.siprut.com and [class administrator's website]. You may also inspect the pleadings and other papers that have been filed in this case at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th Floor,

**BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.**

Chicago, IL 60604. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel. **THE COURT AND THE DEFENDANT <u>CANNOT</u> PROVIDE INFORMATION.**

## CLAIM FORM

### *DR. WILLIAM P. GRESS & AL AND PO CORP. v. PREMIER HEALTHCARE EXCHANGE WEST, INC.*
### <u>No. 14 C 501</u> (N.D. Ill.)

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE <mark>DATE</mark>, 2015 TO THE FOLLOWING:**

**CLASS ADMINISTRATOR
ADDRESS
CITY, STATE ZIP CODE**

IF YOU DO NOT SUBMIT A COMPLETED CLAIM FORM BY THE DATE INDICATED YOU WILL NOT RECEIVE A CASH PAYMENT UNDER THIS SETTLEMENT

**INSTRUCTIONS**: You must provide all required information below and sign the claim form and submit online or mail the claim form. You may be required to submit a W-9 form if the value of your claim exceeds $599.99. If you are required to submit a W-9 form and do not do so, your recovery will be limited to $599.99.

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBSCRIBED TO THE FAX LINE (a subscriber is the person or entity that maintained the account with the telecommunications company):

**Company Name**

**Contact Name**

Last

First

**Address:**

Line 1:

Line 2:

City/St/Zip

**Day Time Phone (area code-number):**

Telephone

**Fax Number** at which you received fax from PHX West and/or PHX Inc. (area code-number):

Fax

Verification:
I submit that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____     Date: _____
Signature

_____
Print name and title

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS
ON FILE WITH THE CLASS ADMINISTRATOR.**

4824-8463-6961, v. 1

# EXHIBIT 2

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

***DR. WILLIAM P. GRESS & AL AND PO CORP. v. PREMIER HEALTHCARE EXCHANGE WEST, INC.,*** No. 14 C 501

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*THIS IS **NOT** A SOLICITATION.*
*THE SENDING OF THIS NOTICE BY FACSIMILE HAS BEEN APPROVED BY THE COURT.*

**YOU RECEIVED THIS NOTICE BECAUSE THE RECORDS OF DEFENDANT INDICATE YOU ARE A MEMBER OF THE PROPOSED SETTLEMENT CLASS IN THIS CASE. PLEASE READ THIS NOTICE CAREFULLY. IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT, YOU MUST SUBMIT A CLAIM FORM BY DATE, 2015.**

**I.       WHY YOU RECEIVED THIS NOTICE**

You received this notice because the records of Defendant Premier Healthcare Exchange West, Inc. ("PHX West") and the data it received from a third-party fax broadcaster show that you were sent one or more facsimiles which promoted the goods or services of PHX West and or PHX Inc. during the period January 23, 2010 to March 27, 2014. If this is true then you are a member of the Settlement Class in a class action lawsuit filed against PHX West.

**II.      WHAT IS THE LAWSUIT ABOUT?**

Plaintiffs, Dr. William P. Gress and AL and PO Corporation (collectively, "Plaintiffs"), sued PHX West alleging that they received unsolicited facsimile advertisements sent by PHX West promoting its goods or services for sale. Plaintiffs further complain that the faxes in question did not contain an opt-out notice as required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiffs alleged that the sending of these faxes violated the TCPA, the Illinois Consumer Fraud Act and Illinois common law (conversion, private nuisance, and trespass to chattels). Plaintiffs sought to represent a class of persons to whom PHX West sent the alleged unsolicited advertising facsimiles. PHX West denies these allegations but has agreed to settle to avoid the costs and uncertainties of litigation. PHX West will vigorously defend the lawsuit if the proposed settlement is not approved. Plaintiffs have brought this action on behalf of themselves and the Settlement Class set forth below. The Court has preliminarily certified the Settlement Class which has been defined as:

> All persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or Premier Healthcare Exchange Inc. ("PHX Inc.") between January 23, 2010 to March 27, 2014 ("Class Period"), promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

> The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of the healthcare provider networks to which PHX West had access during the Class Period.

**III.     WHO REPRESENTS YOU**

The Court has appointed Edelman, Combs, Latturner, & Goodwin, LLC and Siprut PC to represent the Settlement Class as Class Counsel. Class Counsel may be contacted at: **Edelman, Combs, Latturner, & Goodwin, LLC (29350), 20 S. Clark St., Suite 1500, Chicago, IL 60603; 312-739-4200, (312) 419-0379 (FAX), www.edcombs.com, or Siprut PC, 17 N. State Street, Suite 1600, Chicago, IL 60602; (312) 236-0000, (312) 948-9212 (FAX), www.siprut.com.**

**IV.      WHAT IS THE PROPOSED SETTLEMENT?**

The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, PHX West and PHX Inc. have  agreed to pay a Settlement Fund in the amount of $756,075 (the "Settlement Fund"). Notice and administrative expenses will be paid from the Settlement Fund (up to a maximum of $50,000.00). If this settlement is approved by the Court the Net Settlement Fund will also cover a $8,000 incentive award to Plaintiff Dr. William P. Gress and a $4,000 incentive award to Plaintiff AL and PO Corporation for their

services as  class representatives (a total of $12,000), and attorney's fees to Class Counsel (in the amount of 1/3 of the Net Settlement Fund). After these amounts are deducted, each Class Member who submits a valid claim by DATE, 2015 will receive an equal share of the remaining funds based on the number of facsimile transmission each Class Member was sent.  Your share of the Settlement Fund depends on how many Settlement Class members submit Claim Forms and how many fax transmissions each Settlement Class member was sent. This notice is being sent to approximately 33,870 persons or entities who were sent no more than 67,000 faxes.   The recovery to each Settlement Class member who submits a valid claim will be determined based on the number of Settlement Class members who submit claims, and the number of faxes each Settlement Class member was sent, subject to court approval.

**V.      SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS**

**(1)     Remain a member of the Settlement Class and submit a claim to receive a portion of the Settlement Fund.**    In order to receive a cash payment under this settlement you must fully complete and submit the Claim Form at the end of this notice in the manner indicated (see instructions on Claim Form) by [DATE].   If you do not submit a fully completed Claim Form by the date indicated you will not receive a cash payment and you will still remain a member of the Settlement Class and be bound by the terms of the Settlement Agreement. Under federal tax laws if you receive a payment in excess of $599.99 the person making the payment is required to obtain a form W-9 from you. If the Fax List shows that you were sent more than one fax, then you must also submit a completed W-9 form which will be sent to you after the Final Approval Hearing. If you are entitled to recover payment in excess of $599.99 and you do not submit a completed W-9 form in addition to your Claim Form, then you waive the right to receive the full amount of your recovery and your recovery will be limited to $599.99.

**(2)     Exclude Yourself from the Settlement.**   If you do not wish to participate in the Settlement you may exclude yourself from the Settlement by sending (via US Mail) a letter of notice of your intent to be excluded from the Settlement to Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC (29350), 20 S. Clark St., Suite 1500, Chicago, IL 60603, or Siprut PC, 17 N. State Street, Suite 1600, Chicago, IL 60602, or the Class Administrator [provide address].   The notice of exclusion must  state your name (or the name of your company), address, and the fax number at which you were sent a fax from PHX West and/or PHX Inc., and the case name and number at the top of this notice, and state that you wish to be excluded from the Settlement Class. The Notice of Exclusion must be sent or postmarked on or before DATE, 2015 or you will remain a Settlement Class member.  If you exclude yourself from the Settlement you will not be eligible to receive a cash payment under the Settlement and you will not be releasing any claims you may have against PHX West and PHX Inc.

**(3)     Object to the Settlement.**     You have the right to tell the Court that you object to the Settlement or any part of it by filing a written objection with the Clerk of the Court advising the Court of your objection. If you wish to object to the Settlement you must remain a member of the Settlement Class and you cannot exclude yourself from the Settlement Class.   Either on your own or through an attorney you can file an objection explaining why you think the Court should not approve the settlement. You may file the objection with the Clerk of the United States District Court, Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604.  The objection must contain at the top the case name and number

– Gress & AL and PO Corporation v. Premier Healthcare Exchange West, Inc., 14 C 501; your name, address and the fax number for the facsimile machine on which you were sent the fax by PHX West and/or PHX Inc.; a statement of your objection to the Settlement Agreement, an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection may be filed with the Clerk of the Court on before DATE, 2015. The Court will consider your objection if you properly submit an objection on time. You must also mail a copy of your objection to Class Counsel at the address provided in paragraph III and to Defendant's Counsel at the following address: David S. Almeida, SHEPPARD MULLIN RICHTER & HAMPTON LLP, 70 W. Madison Street, 48th Floor, Chicago, IL 60602.

 **(4) Do Nothing.**   You are not required to take any action and may simply do nothing. If you do nothing you will remain a member of the Settlement Class but you will not receive a cash recovery and will be bound by all the terms of the Settlement Agreement including but not limited to a release of any claims you may have against PHX West or PHX, Inc. for sending you unsolicited fax advertisements.

## VI.    WHAT AM I GIVING UP under the settlement?

If the settlement becomes final, you will be releasing PHX West and PHX Inc. for any claims you may have relating to or arising from the transmission of in any way to any unsolicited advertising facsimiles sent to you from January 23, 2010 to March 27, 2014. This release is more fully explained in the Settlement Agreement which is available at the Clerk's Office during regular business hours, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and is also posted on www.edcombs.com and www.phxfaxsettlement.siprut.com and on [class administrator's website].

## VII.    FINAL APPROVAL HEARING

The Court has scheduled a final approval hearing before Magistrate Judge Gilbert on [DATE AND TIME] in Courtroom 1386 of the United States District Courthouse for the Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604. You do not have to appear at this hearing. You or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

## VIII.    WHERE CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in this case number, 14 C 501, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th FL., Chicago, IL 60604. The Settlement Agreement (excluding exhibits) is also available on www.edcombs.com, www.phxfaxsettlement.siprut.com, and on [class administrator's website]. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above. **DO NOT CONTACT THE COURT OR DEFENDANT FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.

# EXHIBIT 3

<u>EXHIBIT 3</u>
**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. WILLIAM P. GRESS and AL AND PO CORPORATION, on behalf of plaintiffs and the class members defined herein, | ) ) ) ) | |
| Plaintiffs, | ) ) | 14-cv-501 |
| | ) | *Consolidated with* |
| v. | ) | 14-cv-2177 |
| | ) | |
| PREMIER HEALTHCARE EXCHANGE WEST, INC., a New Jersey Corporation, | ) ) | Magistrate Judge Gilbert |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR
<u>PRELIMINARY APPROVAL OF SETTLEMENT</u>**

The Motion of Plaintiffs Dr. William P. Gress and AL and PO Corporation (collectively, "Plaintiffs") for Preliminary Approval of Class Action Settlement and Notice to the Class with Defendant Premier Healthcare Exchange, Inc. ("PHX West" or "Defendant") came on for hearing on [DATE], 2015.

Having considered Plaintiffs' moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as <u>Appendix A</u> to Plaintiffs' Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiffs' motion, and being duly advised in the premises, the Court hereby finds that:

(a)     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)     The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or PHX Inc. between January 23, 2010  to March 27, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

> The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of the healthcare provider networks to which PHX West had access during the Class Period.

2

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    The Court preliminarily appoints Plaintiffs Dr. William P. Gress and AL and PO Corporation as Class Representatives of the Settlement Class and finds that they meet the requirements of Fed. R. Civ. P. 23.

4.    The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23:  Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603; Joseph J. Siprut and Ismael T. Salam of Siprut PC, 17 N. State Street, Suite 1600, Chicago, Illinois 60602.

5.    If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all

other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.      The Class Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7.      The form of notice that the Class Administrator will provide is attached as <u>Exhibit 1</u> to the Settlement Agreement. By [DATE], 2015, the Class Administrator is ordered to send the Notice and Claim Form via  fax substantially in the form of <u>Exhibit 1</u>, including a Claim Form, to those identified on the Fax List. The Class Administrator shall make at least two attempts to transmit the Notice by fax to those number where the initial transmission failed. Class Counsel will also publish Exhibit 2, and the Settlement Agreement (excluding exhibits) on their firms' respective websites. The Class Administrator may create a website which allows for the electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Notices (Exhibits 1-2), Claim Form, Preliminary Approval Order, and Settlement Agreement (excluding exhibits). This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best

notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. Within twenty-one (21) days of the date that the Notice was first sent by fax, the Class Administrator may provide a second round of notice in the form of Exhibit 1 to the Settlement Agreement by facsimile and/or U.S. Mail to those Settlement Class Members who have not responded to the Class Notice. The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

8. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Class Members to the Class Administrator online, by fax, or mail postmarked on or before [DATE], 2015. Claims not submitted by this date shall be barred.

(b) Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Class Counsel and Defendant's Counsel on or before [DATE], 2015, or shall be forever barred. Each objection must contain the following information: (i) the objector's name (or business name, if the objector is an entity), and address; (ii) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (iii) a statement of the objection to the Settlement Agreement; (iv) an explanation of the legal and factual basis for the objection; and (v) documentation, if any, to support the objection.

(c) All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Class Counsel and counsel for Defendant by fax or mail postmarked on or before [DATE], 2015, or shall be forever barred.

(d) Requests by any Class Member to opt out of the settlement must be mailed to Class Counsel or the Class Administrator on or before [DATE], 2015, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and the telephone number for the facsimile machine on which the Class Member was sent the fax; and (b) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

9. The Class Administrator shall file an affidavit regarding notice by [DATE], 2015.

10. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than [DATE], 2015.

11. Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by [DATE], 2015.

12. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on [DATE], 2015 at [TIME].

13. All papers in support of the Settlement Agreement shall be filed no later than [DATE], 2015. Any responses to objections shall be filed with the Court on or before [DATE], 2015. There shall be no replies from objectors.

14.     In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

15.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

16.     [KCC Class Action Services, LLC, located at 2 North LaSalle Street, Chicago, Illinois 60602], shall be the Class Administrator.  .

17.     Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund.   Defendant shall advance costs of notice and administration from the Settlement Fund (not to exceed $50,000) and provide the Fax List to the Class Administrator within five (5) days after this Order is entered.

18.     Class Counsel to file their fee petition by DATE, 2015, twenty-eight (28) days prior to the deadline for Class Members to submit objections.


ENTERED:


Dated: _____          _____

                                                                     United States Magistrate Judge



4837-2595-4337, v.  1

# EXHIBIT 4

**EXHIBIT 4**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. WILLIAM P. GRESS and AL AND PO CORPORATION, on behalf of plaintiffs and the class members defined herein, | ) ) ) ) | |
| Plaintiffs, | ) ) | 14-cv-501 |
| | ) | *Consolidated with* |
| v. | ) ) | 14-cv-2177 |
| PREMIER HEALTHCARE EXCHANGE WEST, INC., a New Jersey Corporation, | ) ) ) | Magistrate Judge Gilbert |
| Defendant. | ) ) | |

**ORDER FINALLY APPROVING THE SETTLEMENT**

On [DATE], 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiffs, on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant Premier Healthcare Exchange, Inc. ("PHX West"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On [DATE], 2015, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. [No persons appeared in Court seeking to address the proposed settlement.] Having considered the Parties' Settlement Agreement, Plaintiffs' Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out (*i.e.*, identify those parties who opt out) are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or PHX Inc. between January 23, 2010 to March 27, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

> The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of the healthcare provider networks to which PHX West had access during the Class Period.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the class; (d) Plaintiffs will fairly and adequately protect the interests of the class; (e) Edelman, Combs,

Latturner & Goodwin, LLC and Siprut PC are adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.      Dr. William P. Gress and AL and Corporation are designated as representatives of the Settlement Class.

7.      Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, and Joseph J. Siprut and Ismael T. Salam of Siprut PC are appointed as Class Counsel.

### Class Notice

8.      The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

9.      With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort.  Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's websites, www.edcombs.com and www.phxfaxsettlement.siprut.com.  The Class Notice and Settlement Agreement (without exhibits) were also posted on [class administrator's website].  These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of  _____ valid and timely claim forms were submitted.

## Objections and Opt-Outs

10.     [No objections were filed by Class Members.]

11.     A total of ___ entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are:   [identify opt outs] Dkt. Nos. ##.

## Class Compensation

12.     In accordance with the terms of the Settlement Agreement, PHX West and Premier Healthcare Exchange, Inc. ("PHX Inc.") shall provide a total of $756,075 to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement.  No portion of the Settlement Fund shall revert back to PHX West and/or PHX Inc.

## Releases

13.     Upon entry of this Order Finally Approving the Settlement, Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

14.     The Court has considered Class Counsel's application for attorneys' fees.  The Court awards Class Counsel the sum of $_____ as an award of attorney's fees to be paid from the Net Settlement Fund, and finds this amount of fees is fair and reasonable.

15.     The Court grants Class Counsel's request for an incentive award to the class representatives and awards $8,000 to Dr. William P. Gress and $4,000 to AL and PO Corporation.  The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This payment shall be made from the Settlement Fund.

**Other Provisions**

16.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17.    Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18.    The Court orders PHX West and PHX Inc., or their agents, to deliver the Net Settlement Fund to Class Counsel, within fourteen (14) days of the Effective Date as that term is defined in the Settlement Agreement.

19.    The Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

20.    Class Counsel or the Class Administrator shall make the *cy pres* payment to [identify *cy pres* recipient] thirty (30) days after expiration of the void date on the Class Members' checks.

5

21.     Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by [DATE], 2015.

22.     [KCC Class Action Services, LLC, located at 2 North LaSalle Street, Chicago, Illinois 60602], shall be the Class Administrator to make claim payments and issue and collect W-9 forms.

23.     A hearing on the final accounting of the settlement and for entry of a dismissal order is set for [DATE], 2015 at TIME.


ENTER:


Dated: _____                    _____

                                                   United States Magistrate Judge



4834-7357-5201, v.  1

6