IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. WILLIAM P. GRESS and AL AND PO CORPORATION, on behalf of plaintiffs and the class members defined herein, ) ) ) ) | |
| Plaintiffs, ) ) | 14-cv-501 *Consolidated with* |
| v. ) ) | 14-cv-2177 |
| PREMIER HEALTHCARE EXCHANGE WEST, INC., a New Jersey Corporation, ) ) ) | Magistrate Judge Gilbert |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiffs Dr. William P. Gress and AL and PO Corporation (collectively, "Plaintiffs") for Preliminary Approval of Class Action Settlement and Notice to the Class with Defendant Premier Healthcare Exchange, Inc. ("PHX West" or "Defendant") came on for hearing on February 9, 2015 and March 4, 2015.

Having considered Plaintiffs' moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as Appendix A to Plaintiffs' Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiffs' motion, and being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Settlement Agreement and Supplemental Brief) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process,

constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d) This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. This Order incorporates and makes a part hereof:

    a. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No 73);

    b. The Settlement Agreement, with all capitalized terms herein having the same meaning as that given to them in the Settlement Agreement; (Dkt. No. 73-1);

    c. The Exhibits to the Settlement Agreement (Dkt. No. 73-1);

    d. The Plaintiffs' Supplemental Brief in Support of the Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 78);

    e. The Exhibits to the Supplemental Brief (Dkt. No. 78); and

    f. The record of the hearings on February 9, 2015 and March 4, 2015.

2. For reasons stated on the record, and in Plaintiffs' Unopposed Motion for Preliminary Approval and Plaintiffs' Supplemental Brief, the settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily

determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or PHX Inc. between January 23, 2010 to March 27, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of the healthcare provider networks to which PHX West had access during the Class Period.

4. The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court preliminarily appoints Plaintiffs Dr. William P. Gress and AL and PO Corporation as Class Representatives of the Settlement Class and finds that they meet the requirements of Fed. R. Civ. P. 23.

6. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603; Joseph J. Siprut and Ismael T. Salam of Siprut PC, 17 N. State Street, Suite 1600, Chicago, Illinois 60602.

7. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

8. The Class Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

9. The form of notice that the Class Administrator will provide is attached as <u>Exhibit 1</u> to the Supplemental Brief.[1] By April 8, 2015, the Class Administrator is ordered to send the Notice and Claim Form via fax substantially in the form of <u>Exhibit 1</u>, including a Claim Form, to those identified on the Fax List. The Class Administrator shall make at least two attempts to transmit the Notice by fax to those numbers where the initial transmission failed. Class Counsel will also publish <u>Exhibit 2</u> to the Supplemental Brief, and the Settlement Agreement (excluding exhibits) on their firms' respective websites. The Class Administrator may create a website which allows for the electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Notices (<u>Exhibits 1-2</u>), Claim Form, Preliminary Approval Order, and Settlement Agreement (excluding exhibits). This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. Within twenty-one (21) days of the date that the Notice was first sent by fax, the Class Administrator shall provide a second round of notice in the form of <u>Exhibit 1</u> to the Supplemental Brief by facsimile to those Settlement Class Members who have not responded to the Class Notice. After the initial and supplemental Notice has been sent by facsimile, the Class Administrator shall provide notice by U.S. Mail to those Settlement Class Members whose addresses are ascertainable and who were not successfully sent the fax Notice in the initial and supplemental Notice transmissions. The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

---

[1] Exhibits referred to herein are those attached to Plaintiffs' Supplemental Brief.

10. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Class Members to the Class Administrator online, by fax, or mail postmarked on or before June 8, 2015. Claims not submitted by this date shall be barred.

(b) Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Class Counsel and Defendant's Counsel on or before June 8, 2015, or shall be forever barred. Each objection must contain the following information: (i) the objector's name (or business name, if the objector is an entity), and address; (ii) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (iii) a statement of the objection to the Settlement Agreement; (iv) an explanation of the legal and factual basis for the objection; and (v) documentation, if any, to support the objection.

(c) All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Class Counsel and counsel for Defendant by fax or mail postmarked on or before June 8, 2015, or shall be forever barred.

(d) Requests by any Class Member to opt out of the settlement must be mailed to Class Counsel or the Class Administrator on or before June 8, 2015, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and the telephone number for the facsimile machine on which the Class Member was sent the fax; and (b) a statement to the effect that the Class

Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

11. The Class Administrator shall file an affidavit regarding notice by May 15, 2015.

12. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than April 8, 2015.

13. Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by July 9, 2015.

14. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on July 29, 2015 at 9:30 a.m.

15. All papers in support of the Settlement Agreement shall be filed no later than July 9, 2015. Any responses to objections shall be filed with the Court on or before July 9, 2015. There shall be no replies from objectors.

16. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

18. Five (5) days after entry of this Order, the Parties shall agree upon a Settlement Administrator.

19. Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund. Defendant shall advance costs of notice and

administration from the Settlement Fund (not to exceed $50,000) and provide the Fax List to the Class Administrator within five (5) days after this Order is entered.

20. Class Counsel to file their fee petition by May 11, 2015, twenty-eight (28) days prior to the deadline for Class Members to submit objections.

ENTERED:

Dated: 3/4/15

United States Magistrate Judge
Jeffrey T. Gilbert

4837-2595-4337, v. 5