IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. WILLIAM P. GRESS and AL AND PO CORPORATION, on behalf of plaintiffs and the class members defined herein,<br><br>    Plaintiffs,<br><br>v.<br><br>PREMIER HEALTHCARE EXCHANGE WEST, INC., a New Jersey Corporation,<br><br>    Defendant. | 14-cv-501<br>*Consolidated with*<br>14-cv-2177<br><br>Magistrate Judge Gilbert |

## ORDER FINALLY APPROVING THE SETTLEMENT

On March 4, 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiffs, on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant Premier Healthcare Exchange, Inc. ("PHX West" or "Defendant") and Premier Healthcare Exchange Inc. ("PHX Inc."), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On September 9, 2015, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was provided to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiffs' Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

1

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendant, PHX Inc., members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out (*i.e.*, Doug Ko of Evergreen Acupuncture Clinic & Chinese Herbs, and Sandra Hale Kroeker, P.C.) are forever bound by this Order Finally Approving the Settlement and the Settlement Agreement.

4. KCC Class Action Services, LLC, located at 2 North LaSalle Street, Chicago, Illinois 60602, shall be the Class Administrator.

**Class Certification**

5. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers who were sent faxes by or on behalf of PHX West and/or PHX Inc. between January 23, 2010 to March 27, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

The Settlement Class excludes the 20,004 persons and entities (as identified by Tax Identification Number ("TIN")) that were members of various healthcare provider networks to which PHX West had access during the Class Period.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the class; (d) Plaintiffs will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC and Siprut PC are adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. Dr. William P. Gress and AL and PO Corporation are designated as representatives of the Settlement Class.

8. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, and Joseph J. Siprut and Ismael T. Salam of Siprut PC are appointed as Class Counsel.

**Class Notice**

9. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's websites, www.edcombs.com and

3

www.phxfaxsettlement.siprut.com. The Class Notice and Settlement Agreement (without exhibits) were also posted on www.phxfaxsettlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 4,203 valid and timely claim forms were submitted representing 6,491 fax transmissions. There were 37 valid claims representing 61 transmissions that were submitted after the July 8, 2015 claims deadline. The 37 late claims are allowed.

**Objections and Opt-Outs**

11. No objections were filed by Class Members.

12. A total of 2 persons/entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are: Sandra Hale Kroeker, P.C. and Doug Ko of Evergreen Acupuncture Clinic & Chinese Herbs. *Dkt. Nos. 85-86*.

**Class Compensation**

13. In accordance with the terms of the Settlement Agreement, PHX West and PHX Inc. shall provide a total of $756,075 to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement (the "Net Settlement Fund.") No portion of the Settlement Fund shall revert back to PHX West and/or PHX Inc.

**Releases**

14. Upon the Effective Date, Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

**Award of Attorneys' Fees, Costs, and Incentive Award**

15. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $240,525 as an award of attorney's fees to be paid from the Net Settlement Fund, and finds this amount of fees is fair and reasonable.

16. The Court grants Class Counsel's request for an incentive award to the class representatives and awards $8,000 to Dr. William P. Gress and $4,000 to AL and PO Corporation. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

**Other Provisions**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

19. The Court orders PHX West and PHX Inc., or their agents, to deliver the Net Settlement Fund to Class Counsel, within fourteen (14) days of the Effective Date as that term is defined in the Settlement Agreement.

20. The Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

21. Class Counsel or the Class Administrator shall make the *cy pres* payment to LAF, a 501(c)(3) not-for-profit organization within thirty (30) days after expiration of the void date on the Class Members' checks.

22. Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by March 2, 2016.

23. The Class Administrator shall make claim payments and issue and collect W-9 forms.

24. Status on settlement accounting and/or dismissal of the litigation is set for March 10, 2016 at 10:00 a.m.

ENTER:

Dated: 9/10/15

Jeffrey T. Gilbert
United States Magistrate Judge